Thomas A. Aurelio, J.
All the defendants save the defendant Bass move, pursuant to .subdivision 4 of rule 106 of the Buies of Civil Practice for dismissal of each cause of action. The sufficiency of plaintiff’s pleading- has not been tested heretofore.
In a first cause, it is charged that all the defendants employed the plaintiff to procure and submit opportunities for purchase of controlling .shares of commercial banks and agreed to pay plaintiff commissions at the rate usually paid to brokers in the City of New York if any such institution were produced and a merger with the defendant bank was consummated. Thus plaintiff alleges upon an express contract with the defendants. It is then alleged than plaintiff duly performed. While alleging due performance of the undertaking, plaintiff further alleges that he brought the Peoples National Bank of Brooklyn to the attention of the defendants, together with the information concerning the institution supplied by its president, and met with and introduced its president to the president and board chairman of the defendant bank. Thereafter, defendants negotiated directly with Peoples’ president and at the request of the defendants refrained from participating in such negotiation. The merger *458 was thereafter consummated as alleged “ on substantially the terms proposed The terms proposed are not indicated and the statement appears to be inconsistent with a claim of employment to introduce defendants to an opportunity. The manner in which plaintiff performed as alleged does not include an allegation that controlling shares were purchased. While thus alleging on contract, it is further alleged that the defendants conspired to negotiate in secret and, for the purpose of deceiving the plaintiff, they represented that better terms could be secured if the defendants handled the negotiations with Peoples’ president. The allegation of secrecy and the allegation of representation appear to be inconsistent. It is further alleged that for the purpose of such secrecy and deceit, the defendants represented that the terms of payment to the plaintiff would be consummated upon approval of the plan and agreement of merger by the necessary governmental authorities. It is to be noted that employment and performance as alleged could not have been induced at the time of the alleged representation as to payment which earlier was alleged to be the compensation usually earned by brokers in such transactions in the City of New York. It is then alleged that the representation with respect to the consummation of an agreement of compensation was false and made with the intent of depriving the plaintiff of his commissions which became due upon the consummation of the merger and approval by the necessary governmental authorities. Plaintiff relied on the representations and sustained damage in an amount equal to the alleged brokerage payable in the City of New York.
Apart from the fact that there is not causal relation between the alleged fraud as to payment and the making of the contract and plaintiff’s performance thereunder, the charge of conspiracy and fraud in relation to the performance on the part of a contracting party cannot augment or alter in any manner the obligation arising upon the contract. As an action on contract, the first cause is insufficient. As an action in fraud, it is likewise insufficient since the alleged fraud is concerned solely with performance.
In the second cause, it is realleged that a merger on substantially the terms proposed was concluded. Thus the defects inhering in the first six paragraphs of the first cause are repeated in the second. It is further alleged that plaintiff duly performed and sustained damage in an amount equivalent to the alleged brokerage arising upon such a transaction in the City of New York. The second cause is insufficient.
*459 The third cause repeats the allegations of the first six paragraphs of the first cause, including allegation of employment by all the defendants and consummation of a plan and agreement of merger on substantially the terms proposed. It is then alleged that in the month of September, 1961, plaintiff was authorized by the defendant bank to procure and submit opportunities for acquiring controlling shares of the voting stock of commercial banks and the defendant bank agreed to pay commissions at the rate of 5% if an institution were so produced and a merger with the defendant bank was consummated. The contract is thus alleged to be made with the defendant bank alone. It is further alleged that as -a result of plaintiff’s efforts alone the defendant bank and Peoples were brought together and agreeable terms of plan and agreement of merger were consummated on December 11, 1961. As a result of such efforts, plaintiff duly performed and the defendant bank has failed and refused to make payment to the plaintiff. All the terms and conditions to be performed by the plaintiff are not set forth and particularly the alleged proposed terms or the involvement of controlling shares. The third cause is insufficient.
In the fourth cause, plaintiff repeats all the allegations of the first including the contract, alleged performance, and deceit. It is alleged in addition that the individual defendants had due notice of the agreement between the plaintiff and the defendant bank and were put upon inquiry as to its terms. The meaning or necessity thereof are not manifest since it is alleged that the agreement was made with all the defendants. Therefore, the additional allegations of inducement to breach the contract must fall. It is insufficient against the defendant bank if it is the sole contractor and it is insufficient against the individual defendants whose self-interest in opposition to their trust to the bank must be alleged to survive immunity from liability. The fourth cause is insufficient.
The fifth cause realleges the material allegations of the first, including allegations of express contract and deceit. It is further alleged that plaintiff, at the instance and request of the defendants, duly performed labor and rendered services as broker and attorney to the defendants, for which they promised and agreed to pay to the plaintiff the fair and reasonable value. Such value is alleged to be a commission at the rate of 5% upon the price paid for the resources acquired. A cause for quantum meruit will not lie where the existence of a special contract is alleged. The fifth cause is insufficient.
The motion is granted dismissing each cause of action, with leave to plaintiff to -serve an amended complaint within 20 days from service of a copy of this order with, notice of entry.